**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------- X
UNITED STATES OF AMERICA,           :
                                    :
     -v.-                            :      S4 11 Cr. 755 (JFK)
                                    :      **OPINION & ORDER**
ANGELO MICHEL                       :
     a/k/a "Moreno,"                :
                                    :
                    Defendant.       :
---------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb. 26, 2013

APPEARANCES

FOR UNITED STATES OF AMERICA
Preet Bharara
United States Attorney, Southern District of New York
Of Counsel:   Ryan Poscablo
              Jessica Ortiz

FOR DEFENDANT ANGELO MICHEL
Kelley J. Sharkey, Esq.

**John F. Keenan, United States District Judge:**

Before the Court is Defendant Angelo Michel's ("Michel" or "Defendant") motion to suppress his post-arrest statements. For the reasons that follow, the motion is denied.

### I.   Background

In a twelve-count indictment, Michel and co-defendants are charged with violations under the Hobbs Act for kidnappings and robberies. Specifically, the indictment charges the defendants with: (1) participating in a conspiracy to commit kidnapping; (2) participating in a conspiracy to commit Hobbs Act robberies; (3) substantive kidnappings; (4) substantive Hobbs Act robberies; (5) narcotics conspiracy; and (6) using a firearm

during and in relation to those crimes, in violation of 18 U.S.C. §§ 1201, 1951, and 924(c).

Michel was arrested on July 7, 2011 after a state court appearance on an unrelated criminal matter in the New York County Criminal Courthouse. According to Michel, he was questioned without being advised of his Miranda rights. (Michel Aff.) Michel states that he answered the agents' questions because he believed he was required to speak. (Id.) He moves to suppress his statements. The Government opposes this motion and consented to a hearing, held on January 30, 2013. Michel did not testify at the hearing.

### A. The Hearing

At the hearing, the Government elicited testimony from DEA Special Agent Fernando Cruz ("Agent Cruz") and NYPD Detective Donald DiRienzo ("Detective DiRienzo"), who were both with Michel on July 7, 2011, the day he was arrested. Agent Cruz testified that the arrest took place around 12:45 or 1 p.m., and after he handcuffed Michel, he led him to a car behind the courthouse. Agent Cruz further testified that he advised Michel of his Miranda rights upon getting in the car. (Tr. of Jan. 30, 2013 at 5.) During redirect, the Government presented Exhibit 3502-A, which Agent Cruz recognized as a copy of the notes he made on July 7, 2011. These notes refreshed Agent Cruz's recollection that he provided Michel with the Miranda warnings

2

outside the courthouse at 12:45. (Id. at 32.)  Cruz testified that Michel waived his rights and opted to speak with the officers, ultimately providing assistance that led to the arrest of another individual that day in the Bronx. (Id. at 33.)

Agent Cruz next testified that after reaching a gas station in the Bronx and making the second arrest, he gave Michel his Miranda warnings a second time, using a DEA card and waiver form, which Michel signed.  For reasons he could not articulate, Agent Cruz did not enter the date or time of these warnings on the waiver card. (Id. at 12.)  Agent Cruz testified that he then took Michel to the 33rd Precinct "for processing." (Id. at 34-36.)

Detective DiRienzo supported Agent Cruz's testimony, elucidating some events in the chronology that Agent Cruz had difficulty recalling.  Detective DiRienzo testified that he arrested Michel in the courthouse and took him to Cruz's car. He heard Cruz notify Michel of his Miranda rights and Michel waive his rights and proceed to cooperate. (Id. at 46-47.)  He also confirmed that Michel was Mirandized again at the Bronx gas station, and that Michel signed the DEA's Miranda form, choosing not to invoke his rights.  Finally, Detective DiRienzo testified that Michel was brought inside the 33rd Precinct and processed before being transported to a holding facility in Mineola, New York. (Id. 48-50.)

3

According to a log from the Nassau County Police Department, Michel was registered with the desk detective at approximately 8:30 p.m. on July 7, 2011 and he was lodged there. He was brought back to the Southern District for his presentment the following day. (Id. at 52-54.)

Defendant called Alex Medina ("Medina"), who is a cousin of Michel. On the day of Michel's arrest, Medina accompanied Michel's mother to the 33rd Precinct to retrieve Michel's cell phone. Medina testified that the police at the 33rd Precinct told him that Michel was never brought inside the station. (Id. at 79-80.)

## II. Discussion

At oral argument, Michel argued that his post-arrest statements should be suppressed because (1) the testimony of Agent Cruz and Detective DiRienzo about the administration of Miranda warnings should not be credited and (2) Michel's presentment was unduly delayed in violation of Rule 5(a) of the Rules of Criminal Procedure. The Court will consider each argument in turn.

### A. Miranda Waiver

In Miranda v. Arizona, the Supreme Court held that "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning," law enforcement officials must

4

protect the individual's privilege against self-incrimination. 384 U.S. at 478-79. "The purpose of the Miranda warning is to ensure that the person in custody has sufficient knowledge of his or her constitutional rights relating to the interrogation and that any waiver of such rights is knowing, intelligent, and voluntary." United States v. Carter, 489 F.3d 528, 534 (2d Cir. 2007) (citing Miranda, 384 U.S. at 444-45).

"To prove a valid [Miranda] waiver, the government must show (1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that right." United States v. Jaswal, 47 F.3d 539, 542 (2d Cir. 1995) (per curiam). "Only if the totality of the circumstances 'reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.'" United States v. Male Juvenile, 121 F.3d 34, 40 (2d Cir. 1997) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)). "A voluntary relinquishment of a right occurs when the relinquishment is the 'product of a free and deliberate choice rather than intimidation, coercion, or deception.'" Id. at 41 (quoting Moran, 475 U.S. at 421).

In determining whether a valid Miranda waiver was obtained, the district court is to assess the credibility of the witnesses. See, e.g., United States v. Maldonado-Rivera, 922

F.2d 934, 972 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991). While the Cruz testimony was not a model of clarity, the Court finds no reason to question the credibility of Agent Cruz or Detective DiRienzo. Their sworn testimony was uncontradicted. The testimony is further supported by the contemporaneous notes written by Agent Cruz. See Gov't Exh. 3502-A. The mere fact that there is confusion as to whether Michel was actually taken into the 33rd Precinct is tangential, at best, to the question of whether Michel was Mirandized.

The Court finds that Michel was properly Mirandized at the time of his arrest – approximately 12:45 p.m. on July 7, 2011 – as Agent Cruz and Detective DiRienzo stated, under oath, at the hearing. See United States v. Chisholm, No. 07-795, 2008 WL 5453242 at *2 (E.D.N.Y. Oct. 29, 2008)("Absent [defendant's] live testimony and the opportunity for cross-examination, the Court cannot assess his credibility or truthfulness. As a result, I credit the testimony of the live witnesses over the contents of defendant's affidavit where a conflict exists.") There is nothing in the record to suggest that Michel's waiver was not knowing and voluntary. Therefore, Michel's post-arrest statements are admissible under Miranda.

The two cases cited by Defense counsel during oral argument are inapposite. First, in North Carolina v. Butler, the Supreme Court held that an "explicit statement of waiver is not

6

invariably necessary" to support a finding that the defendant waived his right to remain silent. 441 U.S. 369 (1979).  Next, the Second Circuit suppressed post-arrest statements in United States v. Anderson, where an officer told the defendant that requesting a lawyer would permanently preclude him from cooperating with police. See 929 F.2d 96 (2d Cir. 1991). These situations are entirely different from the present case, in which Defendant was Mirandized twice and did not invoke his rights, but rather sought to cooperate with law enforcement.

### B. Rule 5(a) Presentment

18 U.S.C. § 3501(c) provides that a court may, in its discretion, exclude a defendant's statements to law enforcement officials upon a finding that the defendant was held by law enforcement for more than six hours without being presented before a magistrate judge, where the delay in presenting the defendant was unreasonable. See United States v. Perez, 733 F.2d 1026, 1035 (2d Cir. 1984).  This section is in harmony with Rule 5(a) of the Federal Rules of Criminal Procedure, which requires that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge." United States v. Berkovich, 932 F. Supp. 582, 587–88 (S.D.N.Y. 1996).

Neither the Supreme Court nor the Second Circuit has advised that a delay of over six hours requires automatic

7

suppression. See United States v. Alvarez-Sanchez, 511 U.S. 350, 356 (1994); Perez, 733 F.2d at 1030. "Discretion is vested in a district court judge to exclude a confession upon his finding that a delay of more than six hours was not reasonable." Perez, 733 F.2d at 1035; see also United States v. Fullwood, 86 F.3d 27, 31 (2d Cir. 1996). Delays attributable to routine processing, transportation, overnight lodging, and a defendant's cooperation with authorities have all been found by courts in the Second Circuit to be reasonable under § 3501. See United States v. Rubio, 709 F.2d 146, 154 (2d Cir. 1983) (overnight lodging); United States v. Collins, 462 F.2d 792, 796 (2d Cir. 1972) (routine processing and transit); United States v. Haouari, No. 00 Cr. 15(JFK), 2000 WL 1593345 at *7 (S.D.N.Y. Oct. 25, 2000) (processing and transit); United States v. Gomez, 758 F. Supp. 145, 152 (S.D.N.Y. 1991) (routine processing and overnight lodging); Berkovich, 932 F. Supp. at 588-89 (cooperation).

   The testimony presented at the hearing demonstrates that Michel was not brought before a magistrate until the morning following his arrest because of transportation time, overnight lodging, and his own cooperation. The Court therefore finds that the length of time that elapsed before Michel was presented was reasonable. Indeed, all Michel's statements were made before arriving at the 33rd Precinct in the late afternoon.

8

## III. Conclusion

For the reasons stated above, Defendant's motion to suppress post-arrest statements is denied.

SO ORDERED.

Dated:  New York, New York
        February 26, 2013

                                              *John F. Keenan*
                                              John F. Keenan
                                              United States District Judge

9